600 So.2d 466 (1992)
BUDGET RENT A CAR SYSTEMS, INC., Appellant,
v.
Virginia JANA and Orlando Jana, Her Husband, Appellees.
No. 90-2384.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Rehearing Denied July 8, 1992.
On Rehearing September 9, 1992.
Richard A. Sherman and Rosemary Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
Warner B. "Chip" Miller, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellees.
POLEN, Judge.
The plaintiff and appellee, Mrs. Jana, was involved in two automobile accidents. The first one occurred on September 18, 1987, when her car was struck from behind by a truck owned by Mills & Sons. In that accident Mrs. Jana sustained soft tissue injuries and was given a neck collar, lumbar corset and medication by her physician. The second accident occurred on November 24, 1987, as Mrs. Jana was a passenger in a vehicle driven by her husband. After Mr. *467 Jana stopped at a stop sign, he looked both ways and did not see the car owned by Budget, which smashed into him from the east as he started forward. Mr. Jana stated that the Budget car did not stop at the stop sign.
As a result of the second accident, Mrs. Jana suffered a conversion reaction, which means that she was unable to speak or deal with the outside world in any way. There was conflicting medical testimony, however, there was substantial evidence that Mrs. Jana had suffered a permanent injury and that she would require surgery for a spinal stenosis. The plaintiff offered into evidence various test results, including MRI's, which were taken both before and after the second accident.
The Janas sued Budget and Mills & Sons but they did not sue Cassidy, the driver of the Budget car. Mills & Sons defaulted and a default judgment was entered against it. Budget answered and raised the affirmative defense of comparative negligence as to Mrs. Jana alone; however, Mrs. Jana was a passenger in the vehicle at the time of the accident.
Despite the trial court's ruling that Cassidy's statements to the officer called to the scene of the accident were privileged, and that there should be no mention of any traffic citations, plaintiff's counsel asked the officer, on direct examination, whether there were any traffic citations issued. The officer answered affirmatively, though no mention of Cassidy was made in the jury's presence. Cassidy's statements to the officer were properly excluded after a proffer under section 316.066, Florida Statutes (1989). The trial court properly allowed into evidence Cassidy's remarks to Mr. Jana that he was sorry. § 90.803(1)(2), Fla. Stat. (1989) (formerly "res gestae" exception to the hearsay rule).
The court entered a directed verdict in favor of the plaintiffs as to negligence. This was because the only evidence submitted at trial was that Mr. Jana looked both ways and was struck by the Budget car as he proceeded, and that Cassidy, who did not appear at trial, ran the stop sign. Defense counsel did not raise the issue of comparative negligence at the time of the motion for directed verdict. The trial court did not err in granting the directed verdict on the negligence issue, but for the second issue, on which we must reverse for the reasons stated below.
After the jury returned its verdict, final judgment was entered for the plaintiffs in the amounts of $161,000 against Budget and $241,500 against Mills & Sons. Motions for remittitur and new trial by Budget were denied.
The appellant's second point on appeal was that the trial court should have granted a mistrial when the evidence of the traffic citation became known to the jury. Now, on appeal, the appellant argues that reversal is the proper remedy. We agree.
It is clear that questions to a party or a witness, propounded by an adverse party, about whether traffic citations were issued will require that a mistrial be granted or that there be reversal on appeal. Royal Indem. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974), cert. denied, 321 So.2d 76 (Fla. 1975); Albertson v. Stark, 294 So.2d 698 (Fla. 4th DCA), cert. dismissed, 299 So.2d 602 (Fla. 1974). We do not agree with the appellees that the directed verdict in their favor as to negligence would remove the prejudice caused by the elicited testimony. We are also not convinced that the non-personal nature of the testimony concerning the traffic citations renders the error harmless.
Although Cassidy's name was not mentioned, the inference was clear that he received the citation. The question about the citation was asked by plaintiff's counsel to the officer who was called to the scene of the accident, which, we feel, made enough impact on the jury to cause prejudice even as to the award of damages.
The appellant claims that plaintiff's counsel made several grievous "golden rule" violations at closing argument. While we agree that some of the statements brought to our attention were clearly improper, we are precluded from reversing on those grounds because defense counsel failed to object and preserve the issue for review.
This court has held that, absent contemporaneous objection, an improper comment made during closing remarks will not support reversal. Potashnick v. Tito, 529 So.2d 764 (Fla. 4th DCA 1988); Nelson v. Reliance Ins. Co., 368 So.2d 361 (Fla. 4th DCA 1978). In Potashnick this court held that failure to object below to improper comments made in closing remarks constitutes a waiver of any right to complain on appeal. Potashnick, 529 So.2d at 765. It is only in those rare circumstances where the comments are "of such sinister influence as to constitute irreparable and fundamental *468 error" that the absence of objection will be overlooked. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978).
While the comments made by the plaintiff's counsel at closing remarks in this case do not rise to the "sinister" level of fundamental error, they were clearly in violation of the well known "golden rule." Defense counsel did not object at the time of the comments which precludes review on appeal. However, in that the cause will be remanded for the grounds raised in the appellant's second point on appeal, we would anticipate that these "golden rule" violations will not recur upon a new trial.
We find no merit to the appellant's arguments that the trial court erred in allowing an expert to testify about various matters concerning the plaintiff's life, the impact of her injuries on her financial condition, and her psychological well being. When it comes to expert witnesses, the trial court has broad discretion, which was not abused here. Harrison Land Dev. v. R & H Holding Co., 518 So.2d 353 (Fla. 4th DCA 1988). We hold likewise on the issue of the motion for remittitur. The verdict was a healthy one but not so large as to shock the conscience. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976).
There is one last issue which we would like to address. The appellant argued that the trial court erred in allowing the trial to go forward when plaintiff's counsel called Dr. McAllister, the appellant's expert medical witness, a "hired gun." The statement occurred at opening remarks, and after an objection by defense counsel, the trial court gave a short curative instruction. We, as an appellate court, cannot condone any activity by attorneys which might serve to denigrate the judicial system. When an attorney, in the opening statement to a jury, begins conjuring up images of the gunfighter shooting it out in the street, and when this type of "argument" is prevalent in a trial, the stature of the judicial system is lowered considerably from where we think it should be. Nevertheless, we cannot say that, under the circumstances, there was reversible error committed by the trial court. The curative instruction after the objection was sustained was sufficient, in this case, to remove any prejudicial effect.
We reverse and remand for a new trial on the grounds stated herein.
REVERSED and REMANDED.
DELL and GARRETT, JJ., concur.

ON REHEARING
PER CURIAM.
We withdraw that portion of our July 8, 1992, order denying rehearing, and grant appellees' motion for rehearing for the limited purpose of clarifying our February 5, 1992, opinion concerning questions asked of a party or witness, propounded by an adverse party, regarding whether traffic citations were issued. In noting that such questions "will require that a mistrial be granted or that there be reversal on appeal," we did not intend to create a per se reversal rule. Rather, we recognize that questions to a party or witness regarding whether a party was charged with a traffic violation may constitute prejudicial error and may warrant granting of a mistrial. Royal Indem. Co. v. Muscato, 305 So.2d 228, 229 (Fla. 4th DCA 1975), cert. denied, 321 So.2d 76 (Fla. 1975). While improper questioning as to traffic citations may not, in every case, amount to such prejudicial error that a mistrial must be granted or a judgment reversed on appeal, under the circumstances of the instant case we believe that reversal is warranted. See Albertson v. Stark, 294 So.2d 698 (Fla. 4th DCA 1974).
In all other respects, we adhere to our previously issued opinion.
REVERSED and REMANDED.
DELL, POLEN, JJ., and ALDERMAN, JAMES E., Senior Justice, concur.