754 So.2d 141 (2000)
Renelle LUBIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0491.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
*142 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm Appellant's conviction, after a jury trial, of possession of marijuana, a lesser-included offense of the charged crime of possession with intent to sell. Appellant argues that the trial court erred by denying a motion for a mistrial. He contends that the state, over objection, implied Appellant's guilt by association with other criminals.
West Palm Beach police officer MacVane testified that he was conducting surveillance from inside an abandoned house when he observed Appellant leaning against a house nearby and several people walking around. Over the course of several hours, MacVane noticed several vehicles stop in front of the house. When the first vehicle stopped, Appellant looked around, walked over to what appeared to be a board in the lawn, picked up something small that could be concealed in Appellant's hand, and walked over to the driver's side of the vehicle. Appellant was observed accepting something handed to him by the driver, and he gave the driver something in return.
MacVane also observed that Appellant had paper in his hands consistent with United States currency. MacVane observed Appellant engaging in five similar transactions that night. After the fifth transaction, MacVane called another officer to stop Appellant, following which MacVane moved into the area and lifted the board in Appellant's yard, discovering four bags of marijuana in ziploc plastic bags. The bags were "nickel" bags, costing five dollars each. Appellant had two hundred and one dollars ($201.00) in currency.
Defense counsel's opening statement essentially consisted of an attack on the credibility of the state's sole witness, Office MacVane. It focused on errors and omissions in the officer's arrest report, primarily as to the surveillance location and the officer's earlier refusal in deposition to disclose the hidden location. Counsel indicated to the jury that he did not expect the officer to disclose this location to the court and jury. He also highlighted to the jury that the officer's refusal to disclose was significant to the defense because he did not believe the officer could have observed everything to which he would testify.
In his trial testimony, however, the officer did identify, for the first time, the exact location of his observation point. He stated that he had been asked in his pretrial deposition to reveal his surveillance point and had refused at that time on the basis that surveillance was ongoing from that location. Defense indicated at sidebar that he was concerned about any testimony MacVane might offer regarding the ongoing nature of the surveillance on the basis that it might result in "other bad act" or crime testimony.
Resuming, the prosecutor asked the officer, "what is the purpose of having a location being secret?" After the court *143 overruled a relevancy objection to that question, MacVane responded, "I was afraid that if I told the defense where my surveillance point was, that it would get back to the defendant and he would in turn tell his friends of that." Appellant moved to strike and preserved his right to move for a mistrial at a later time. The trial court indicated agreement with the motion to strike. The jury, however, was not told to disregard MacVane's statement. The court indicated to counsel that it had not anticipated this type of special response to the state's more general question.
After an afternoon recess, the trial court reconvened and Appellant moved for a mistrial on the basis that the state introduced evidence of other bad acts, crimes, and wrongdoings by other people which were all irrelevant. Appellant's motion for mistrial was denied.
We conclude it was not an abuse of discretion to deny the motion for mistrial.
A motion for mistrial is addressed to the sound discretion of the trial court and the power to declare a mistrial and discharge the jury should be exercised with great care and caution. Salvatore v. State, 366 So.2d 745, 750 (Fla.1978). Even where the offending testimony improperly reflects on the defendant's character, a mistrial should only be declared if "the error is so prejudicial and fundamental that it denies the accused a fair trial." Buenoano v. State, 527 So.2d 194, 198 (Fla.1988). Furthermore, where the defendant rejects the trial court's offer to cure the effect of the inadmissible testimony, a mistrial should not be granted except in the extreme case where the comment is "so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, 448 (Fla.1985); see also Sireci v. State, 587 So.2d 450 (Fla.1991); Ferguson v. State, 417 So.2d 639 (Fla.1982); but see Breedlove v. State, 413 So.2d 1, 7 (Fla.1982)("Improper remarks can be cured by ordering the jury to ignore them unless they are so objectionable that such instruction would be unavailing.").
Appellant argues that admission of testimony regarding a high crime area or other drug dealing activity is per se reversible error. In Wheeler v. State, 690 So.2d 1369 (Fla. 4th DCA 1997), this court reviewed the line of cases involving the admission of evidence which identified a location as a "high-crime area." Id. at 1370-72. We noted the supreme court's opinion in Gillion v. State, 573 So.2d 810 (Fla.1991), in which the court held "the mere identification of a location as a high-crime area does not result in undue prejudice to a defendant and a per se reversal in all cases." Wheeler, 690 So.2d at 1370 (emphasis added). Rather, the existence of undue prejudice depends on the facts of each case. See id. at 1370 n. 1.
Appellant is concerned that an inference might be drawn, from the witness' statement, that Appellant's friends are drug dealers too, or that he would help other drug dealers. However, all of the testimony that might be construed as implying that it was a high-crime area was relevant to an issue in the case, the surveillance point. There is no indication in the testimony or argument that the officer had any specific information about this defendant's friends, and the obvious purpose of the question was to explain why ongoing surveillance locations are not disclosed. We note that if the witness had simply said that he had not disclosed the location because he had no way of knowing whether it would get back to others in the community, or that he had such a concern in this type of situation, as distinguished from this particular situation, it could not likely have been construed as implying bad acts by association.
Further, any error in the court's denial of Appellant's motion for mistrial would not warrant reversal because Appellant rejected the trial judge's invitation for a curative instruction. See Sullivan v. State, 303 So.2d 632, 635 (Fla.1974). We *144 cannot say, here, that such an instruction would be unavailing. See Breedlove. If counsel had accepted the trial court's offer of a curative instruction, the jury could have been advised that the witness had no knowledge concerning this defendant's friends and meant his answer in a general sense, etc. The trial court could reasonably decide that a curative instruction could have handled any possible misunderstanding. We also note that the jury apparently was not influenced by the witness comment, as they found the defendant guilty only of the lesser offense of simple possession (which does not implicate dealing).
We also find no error in the denial of Appellant's motion for judgment of acquittal.
STONE, GROSS, JJ., and JULIAN, JOYCE A., Associate Judge, concur.