TAYLOR, J.
 

 This appeal arises from a fatal automobile accident on the Sawgrass Expressway that began when the defendant Sheila Hu-lick struck the rear of the vehicle driven by decedent Lesley Beers. After the impact, Mrs. Beers’ vehicle crossed the median into oncoming traffic and was struck head-on by a second vehicle, and then by a third. Mrs. Beers died at the scene of the accident. Defendants Sheila Hulick and Reynolds and Reynolds Co., the owner of the vehicle, appeal final judgments of over $21 million entered upon jury verdicts for Mrs. Beers’ estate and survivors. We affirm on all issues raised in this appeal, but write to discuss the issue regarding a trial witness’s unsolicited comment about a “criminal traffic trial.”
 

 The defendants admitted that Hulick was negligent in rear-ending the decedent’s vehicle. During opening statement, defense counsel admitted that Hulick was following the decedent’s car too closely and was not paying attention as well as she should have been. However, defendants denied that Hulick’s negligence proximately caused the decedent’s fatal injuries. They attributed fault to the decedent and drivers of the third and fourth vehicles. According to the defense, the decedent was comparatively negligent by stepping on the accelerator instead of the brake after being struck from behind. They asserted that this driving error is what caused decedent’s vehicle to cross the median and get struck by other drivers, who they claimed were also negligent.
 

 Witnesses who were at the scene of the crash testified about the traffic and road conditions and the speed and impact of the vehicles involved in the accident. Two witnesses recounted their attempts to comfort and console the decedent while they waited for the paramedics to arrive. Ron Riddle testified that he held Mrs. Beers’ hand as she kept saying “Help, help.” He recalled that her last words before she died were “Please, ... call my husband.”
 

 Just before the close of the plaintiffs case-in-chief, the decedent’s brother-in-law, David Moll, testified about Ron Riddle’s attempts to comfort the decedent at the scene. Moll testified that several months after Mrs. Beers’ death, Riddle approached him and other family members and told them about his contact with Mrs. Beers. During Moll’s direct examination by plaintiffs counsel, the following exchange occurred:
 

 Q. Did there come a time, I believe it was some months following Lesley’s death when you were in Florida when you and other family members were approached by a gentleman?
 

 
 *1155
 
 A. Yes.
 

 Q. Ron Riddle, who described himself as having been at the scene and holding Lesley’s hand and trying to comfort her?
 

 A. Yes, this was—
 

 Q. I don’t want you to tell me everything he told you because what is going to be relevant is what he told you that you and Jennifer then told Steve.
 

 A. Yes.
 

 Q. So what I’d like for you to do, if you would, is to tell us what it was that he told you that you then related to Steve?
 

 MR. MONELLI: Objection, based upon my previous ground.
 

 THE COURT: Noted, but my ruling is the same.
 

 THE WITNESS: We
 
 were at the criminal traffic trial, I believe.
 

 MR. SEARCY: I don’t want to know anything about—
 

 MR. MONELLI: Objection. May we approach?
 

 At that point, defense counsel moved for a mistrial. The trial court asked if he wanted a curative instruction, but the defendants declined the offer, explaining that no instruction could cure the prejudicial effect of the testimony and that any instruction would draw even more attention to the “criminal traffic trial” reference. Defense counsel also declined individual voir dire of the jury for the same reason. Ultimately, the court denied their motion for mistrial. Moll went on to testify about what Riddle told him at the accident scene and what he, in turn, told the decedent’s husband.
 

 After the jury returned a verdict for the plaintiff, the defendants filed a motion for new trial, asserting that the reference to the “criminal traffic trial” was inadmissible and highly prejudicial. The trial court denied the motion.
 

 Defendants argue on appeal that the trial court abused its discretion in refusing to grant them a new trial because the witness’s reference to the criminal traffic trial clearly implied that the defendant, Sheila Hulick, received a citation in connection with the accident.
 

 Where fault is an issue, evidence of the presence or absence of a traffic citation will almost always constitute prejudicial error and warrant a mistrial. The rationale for such a rule is as follows:
 

 Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror’s determination of fault on the part of the respective drivers.
 

 Albertson v. Stark,
 
 294 So.2d 698, 699-700 (Fla. 4th DCA 1974).
 

 Royal Indemnity Co. v. Muscato,
 
 805 So.2d 228, 229 (Fla. 4th DCA 1974), instructs, however, that the particular circumstances of each case must be examined in ruling on a motion for new trial. In
 
 Muscato,
 
 a parade float passenger and his wife sought damages for the float driver’s negligent operation of the float. The plaintiffs’ attorney repeatedly asked the driver whether he had received a traffic citation as a result of the accident. After a final judgment was entered in favor of the plaintiffs, the defendants appealed, arguing that the trial court should have granted their motion for a mistrial based on plaintiffs’ counsel’s repeated inquiries about a traffic citation.
 

 We agreed, stating: “The law is well settled that such questions will constitute prejudicial error and warrant granting of a mistrial. The trial court’s instruction to the jury to disregard the allusions to a traffic
 
 *1156
 
 citation could not possibly erase the effect of the prejudicial questions from the mind of the jury
 
 “in their consideration of liability.” Muscato,
 
 305 So.2d at 229 (emphasis added). However, we went on to hold that because those improprieties had no material effect on the amount of damages, a new trial was warranted on liability only. This suggests that the trial court must examine liability and damages independently in deciding the proper relief in such cases.
 

 Certainly, a reference to the issuance or non-issuance of a traffic citation can have a prejudicial impact on questions of both liability and damages. For example, in Lindos
 
 Rent A Car v. Standley,
 
 590 So.2d 1114, 1115 (Fla. 4th DCA 1991), defense counsel elicited the absence of a ticket for the apparent purpose of suggesting that the accident was too minor to have warranted a ticket. In that case, the most highly contested issue was the extent of injuries the plaintiff sustained as a result of the accident.
 
 Id.
 
 at 1115. We held that the trial court properly granted a new trial on the issue of damages as well as liability. However, in the case before us, it is undisputed that the impact and damages resulting from the rear-end collision were significant enough to have warranted a traffic citation.
 

 In
 
 Budget Rent A Car Systems, Inc. v. Jana,
 
 600 So.2d 466, 467 (Fla. 4th DCA 1992), negligence was not disputed. Nonetheless, we reversed the denial of a mistrial where evidence of traffic citations became known to the jury. We stated:
 

 It is clear that questions to a party or a witness, propounded by an adverse party, about whether traffic citations were issued will require that a mistrial be granted or that there be reversal on appeal.
 
 Royal Indem. v. Muscato,
 
 305 So.2d 228 (Fla. 4th DCA 1974),
 
 cert. denied,
 
 321 So.2d 76 (Fla.1975);
 
 Albertson v. Stark,
 
 294 So.2d 698 (Fla. 4th DCA),
 
 cert. dismissed,
 
 299 So.2d 602 (Fla.1974). We do not agree with the appellees that the directed verdict in their favor as to negligence would remove the prejudice caused by the elicited testimony. We are also not convinced that the non-personal nature of the testimony concerning the traffic citations renders the error harmless.
 

 Although Cassidy’s name was not mentioned, the inference was clear that he received the citation. The question about the citation was asked by plaintiffs counsel to the officer who was called to the scene of the accident, which, we feel, made enough impact on the jury to cause prejudice even as to the award of damages.
 

 Id.
 
 Because our original opinion in
 
 Jana
 
 seemed to suggest a per se rule of reversal, even where liability was clear, we clarified on rehearing that “we did not intend to create a per se reversal rule.” We recognized that “improper questioning as to traffic citations may not, in every case, amount to such prejudicial error that a mistrial must be granted or a judgment reversed on appeal.”
 
 Id.
 
 at 468.
 

 Although it is not clear from the opinion in
 
 Jana
 
 how evidence of a traffic citation would have affected damages in that case, we are satisfied that
 
 Jana
 
 simply belongs in the class of cases, like
 
 Standley,
 
 where the citation could have affected damages and thus warranted a mistrial. In this case, however, the defendant driver admitted to careless driving and overwhelming evidence was presented that this careless driving caused a significant impact with the rear of the decedent’s car. The only issues were whether she was responsible for the ensuing head-on collision (including comparative negligence and
 
 Fabre
 
 defenses) and the survivors’ damages. We fail to see how the fact that
 
 *1157
 
 the jury may have known that a traffic citation was issued for the admitted careless driving could have had any prejudicial impact on the jury’s resolution of these issues.
 

 As to the reference to a “criminal” traffic trial, a curative instruction could have informed the jury that neither Hulick nor anyone else was criminally prosecuted in connection with the accident. Where the defendant rejects the trial court’s offer to cure the effect of inadmissible testimony, a mistrial should not be granted except in the extreme case where the comment is “so prejudicial as to vitiate the entire trial.”
 
 Lubin v. State,
 
 754 So.2d 141, 143 (Fla. 4th DCA 2000). If the trial court could have reasonably decided that a curative instruction could have clarified any possible misunderstanding, then denial of the mistrial motion is warranted.
 
 See id.
 

 Based on the foregoing, we affirm the judgments entered for plaintiff.
 

 STEVENSON and MAY, JJ., concur.