WETHERELL, J.,
dissenting.
I respectfully dissent.
I agree with the majority that Vaughns’ statement that Harris was going to jail because she had a warrant was inadmissible character evidence and that it was not a response invited by the question Vaughns was asked. However, I disagree that reversal is required because of the trial court’s failure to grant a mistrial based upon the statement. In my view, defense counsel invited the error raised on appeal by rejecting the trial court’s offers for a curative instruction. And, to the extent the harmless error standard applies in this case, I would conclude that the error was harmless beyond a reasonable doubt, even when Vaughns’ statement is considered in conjunction with the prosecutor’s question to a different witness implying that Harris had previously been suspected of prescription fraud by her employer.
“The proper procedure to take when objectionable comments are made is to object and request an instruction from the court that the jury disregard the remarks.” Duest v. State, 462 So.2d 446, 448 (Fla.1985); see also Palmer v. State, 486 So.2d 22, 23 (Fla. 1st DCA 1986) (“Generally, both a motion to strike the allegedly improper testimony as well as a request for the trial court to instruct the jury to disregard the proffered testimony are thought to be necessary prerequisites to a motion for mistrial.”). Here, although de *192 fense counsel objected to Vaughns’ statement, counsel did not move to strike the testimony or request a curative instruction. Thus, the trial court’s denial of the motion for mistrial could be affirmed on this basis alone.
But there is more. In response to the motion for a mistrial, the trial court, on its own initiative, offered — not once, but twice — to instruct the jury to disregard Vaughns’ statement about Hams’ having a warrant. Defense counsel rejected the trial court’s offers for a curative instruction. The state then requested “in an abundance of caution” that the trial court give the jury a curative instruction, but the trial court denied the request, stating:
Ms. Smith’s [counsel for the state] request that I instruct the jury to disregard the last remark of the witness is probably a good suggestion; however, since the defense has objected to me doing that, I’m not going to do it.
Although it may have been sound trial strategy for defense counsel to reject the trial court’s offer for a curative instruction (so as not to emphasize the testimony to the jury), any error that could have been cured by such an instruction was invited error that cannot serve as a basis for reversal. See Sullivan v. State, 303 So.2d 632, 635 (Fla.1974); Gonzalez v. State, 511 So.2d 703, 704 (Fla. 3d DCA 1987); Clemon v. State, 473 So.2d 271 (Fla. 3d DCA 1985).
It is well-settled that a motion for mistrial should be granted only “in cases of absolute necessity.” Salvatore v. State, 366 So.2d 745, 750 (Fla.1978). Where, as here, the testimony giving rise to the motion for mistrial improperly reflects on the defendant’s character, a mistrial should be granted only if “the error is so prejudicial and fundamental that it denies the accused a fair trial.” Lubin v. State, 754 So.2d 141, 143 (Fla. 4th DCA 2000) (quoting Buenoano v. State, 527 So.2d 194, 198 (Fla.1988)); see also Cole v. State, 701 So.2d 845, 853 (Fla.1997) (“A motion for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial.”). However, “where the defendant rejects the trial court’s offer to cure the effect of the inadmissible testimony, a mistrial should not be granted except in the extreme case where the comment is ‘so prejudicial as to vitiate the entire trial.’ ” Lubin, 754 So.2d at 143 (quoting Duest, 462 So.2d at 448); see also Breedlove v. State, 413 So.2d 1, 7 (Fla.1982) (“Improper remarks can be cured by ordering the jury to ignore them unless they are so objectionable that such instruction would be unavailing.”).
In my view, Vaughns’ statement that Harris was going to jail because she had a warrant was not so prejudicial that it vitiated the entire trial. The statement takes up less than two lines of a 278-page trial transcript. The statement was an isolated comment that did not, in any way, become the focus of the trial, and it was not even mentioned by the state in its closing argument. See Cole, 701 So.2d at 853 (affirming denial of motion for mistrial based upon testimony that “was isolated and inadvertent and was not focused upon”).
The majority applies the harmless error standard from DiGuilio to determine that reversal is required because of the trial court’s failure to grant a mistrial based upon Vaughns’ statement that Harris had a warrant. The harmless error standard is the proper standard of review for an overruled defense objection. See Snelgrove v. State, 921 So.2d 560 (Fla.2005). However, the abuse of discretion standard — not the harmless error standard— applies where the trial court does not expressly rule on the objection before ruling on the motion for mistrial. See Dessaure v. State, 891 So.2d 455, 465 n. 5 (Fla.2004); *193 but cf. Salazar v. State, 991 So.2d 364, 381-83 (Fla.2008) (Pariente, J., specially concurring). That is what happened in this case.
The trial transcript reflects that defense counsel objected and asked to approach sidebar immediately after Vaughns’ statement that Harris was going to jail because she had a warrant. The trial court did not rule on the objection, but rather stated “(wjell, go ahead and finish your questioning.” Defense counsel did not press for a ruling on the objection; he simply said “[tjhank you, Your Honor” and proceeded with his questioning.
After defense counsel completed his questioning, the trial court excused the jury and the following colloquy was had:
THE COURT: ... All right Mr. Es-penship [defense counsel], what do you want?
[Defense counsel]: Your Honor, I’d object and request the court to enter an order of mistrial. That testimony was not elicited, and it could be prejudicial to my client, regarding — well, he indicated that there was a warrant for her arrest, it could be prejudicial.
THE COURT: Well, number one, the answer was in response to a question asked by the defense. Secondly, you had pressed him on his attitude, what he told the police, whether she was going to jail or not. And I think his answer was in response to the line of questioning as to what he knew about his sister going to jail that night. So, for that reason, it is arguably relevant; however, I will instruct the jury to disregard the last remark of the witness concerning that, if you want me to. Obviously that adds emphasis to it by saying disregard it, but if you want me to do that, I will do that.
[Defense counsel]: Okay. We’ll just preserve for appeal, Your Honor, if necessary.
At no point did the trial court expressly rule on defense counsel’s objection (or the motion for mistrial), although the court’s comments seem to imply that it was overruling the objection and denying the motion for mistrial. However, the comments are also susceptible to the interpretation that the court was sustaining the objection because there would have been no reason for the trial court to offer a curative instruction if it was overruling the objection.
Based on the error invited by defense counsel and the fact that Vaughns’ statement did not vitiate the entire trial, I would conclude that the trial court did not abuse its discretion in denying Harris’ motion for mistrial.
Even if it were appropriate to apply the DiGuilio standard in this case, I would conclude that the error in admitting Vaughns’ statement was harmless beyond a reasonable doubt. I cannot see how this isolated statement had any effect on the outcome of this case. Contrary to the majority’s suggestion, there is nothing in the record that expressly or impliedly connects Vaughns’ statement to the prosecutor’s question to a different witness (more than 40 pages later in the trial transcript) implying that Harris was previously suspected of prescription fraud. And the trial court sustained defense counsel’s objection to this question before any testimony was given and there was no other reference to the issue at the trial.
For similar reasons, I would also conclude that the trial court did not abuse its discretion in denying Harris’ motion for new trial based upon the prosecutor’s question implying that Harris was previously suspected of prescription fraud. The trial court sustained defense counsel’s objection before any testimony was provided *194 on the issue. The question, albeit improper, was isolated and did not in any way become the focus of the trial.
Accordingly, I respectfully dissent from the decision to reverse Harris’ conviction and remand for a new trial. I would affirm.