# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-370
Lower Tribunal No. 11-14076
_____

**City of Miami,**
Appellant,

vs.

**Sheila Kinser,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Victoria Méndez, City Attorney, and Kerri L. McNulty, Assistant City Attorney, for appellant.

Feiler & Leach, P.L., and Martin E. Leach, for appellee.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

The City of Miami ("the City") appeals the trial court's denial of its motion for a new trial in a premises liability negligence suit after the plaintiff, Sheila Kinser ("Kinser"), received a favorable jury verdict. Because the cumulative effect of the objected-to improper statements did not deprive the City of a fair trial and the jury verdict was not against the manifest weight of the evidence, we find no abuse of discretion in the denial of the City's motion for a new trial. We therefore affirm the judgment below.

It was undisputed that Kinser injured her knee and hip when she fell through a missing section of a dock while she was walking backwards and sideways, pulling a boat towards the shore. Kinser sued the City for negligence, and in its answer, the City admitted that it was responsible for the maintenance of the dock and raised only one defense—that Kinser was comparatively negligent.

The jury returned a verdict in favor of Kinser assigning 100% of the fault to the City. The City moved for a new trial, arguing that (1) the cumulative effect of the improper statements made by Kinser's counsel during closing arguments deprived the City of a fair trial, and (2) the jury verdict apportioning no fault to Kinser was against the manifest weight of the evidence. The trial court denied the City's motion for a new trial, and the City appealed.

A motion for a new trial based on improper comments made during closing arguments should be granted if the comments were so highly prejudicial and

inflammatory that the opposing party was denied its right to a fair trial. <u>Tanner v. Beck ex rel. Hagerty</u>, 907 So. 2d 1190, 1196 (Fla. 3d DCA 2005). A motion for a new trial may also be granted where the jury verdict is against the manifest weight of the evidence. <u>Weatherly v. Louis</u>, 31 So. 3d 803, 805 (Fla. 3d DCA 2009). However, when reviewing a trial court's ruling on a motion for a new trial,

> . . . an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.

<u>Brown v. Estate of Stuckey</u>, 749 So. 2d 490, 497-98 (Fla. 1999); <u>see</u> <u>Allstate Ins. Co. v. Manasse</u>, 707 So. 2d 1110, 1111 (Fla. 1998).

During closing arguments, the City objected to several arguments made by Kinser's counsel, which we divide into three categories: improper bolstering of a witness's credibility, improper denigration of a party's defense, and improper appeal to the conscience of the community. Although we conclude that the trial court did not abuse its discretion by determining that in this case the improper, objected-to statements made during closing arguments were not so prejudicial as to deprive the City of a fair trial, we caution trial counsel that, under different facts and circumstances, and had the City objected to additional and perhaps more egregious comments made by Kinser's counsel, a new trial may have been required. <u>See</u> <u>Murphy v. Int'l Robotic Sys., Inc.</u>, 766 So. 2d 1010, 1031 (Fla. 2000)

(setting the following high threshold before granting a new trial based on unobjected-to comments during closing arguments: "[W]e hold that before a complaining party may receive a new trial based on unobjected-to closing argument, the party must establish that the argument being challenged was improper, harmful, incurable, and so damaged the fairness of the trial that the public's interest in our system of justice requires a new trial.").

## I. <u>Improper Bolstering</u>

It is well established that an attorney is not permitted to express a personal opinion bolstering the credibility of his witness. R. Regulating Fla. Bar 4-3.4(e) (providing that a "lawyer must not . . . in trial, state a personal opinion about the credibility of a witness unless the statement is authorized by current rule or case law"); <u>Airport Rent-A-Car, Inc. v. Lewis</u>, 701 So. 2d 893, 896 (Fla. 4th DCA 1997); <u>Forman v. Wallshein</u>, 671 So. 2d 872, 875 (Fla. 3d DCA 1996); <u>Muhammad v. Toys "R" Us, Inc.</u>, 668 So. 2d 254, 258 (Fla. 1st DCA 1996); <u>Walt Disney World Co. v. Blalock</u>, 640 So. 2d 1156, 1158 (Fla. 5th DCA 1994). Nevertheless, during his closing argument, Kinser's counsel improperly bolstered the credibility of Kinser's testimony by stating:

> Well, we heard about what Ms. Kinser told you, and, you know, there's an instruction about the frankness and candor of witnesses and why they say what they say, and I want to talk about that a little bit. Ms. Kinser looked you in the eye, she didn't make anything up.

The City properly objected to this statement, and the trial court instructed the jury

4

to disregard it. Kinser's counsel, however, continued to bolster the credibility of Kinser's testimony by stating:

> She didn't claim things were hurt that weren't hurt. She acknowledged that she had problems with her feet, she acknowledged what her limitations are, and she was very honest with you about everything she did.

The City objected, and the trial court instructed the jury again to disregard the improper comment. The impact of these improper statements was enhanced because while Kinser's counsel told the jury that Kinser was "very honest" and "she didn't make anything up," he insinuated that the City's witnesses were dishonest—that they were paid to "make stuff up."

> And then you have their people who are paid, between them, almost $10,000, about half of what she paid treating her injuries, just to say, she's not hurt, and if she is, it was something else. Can I have my check, please? It's not close. It's not close.
> . . . .
> That's another one of those Dr. Ramirez misdirection plays.
> . . . .
> But what do we know objectively from the reports of the films? Not doctors making stuff up . . .

## II. <u>Denigrating the City for Asserting a Defense</u>

It is also improper for a plaintiff's counsel to denigrate the defense for asserting a valid defense. <u>See</u> <u>Carnival Corp. v. Pajares</u>, 972 So. 2d 973, 977 (Fla. 3d DCA 2007) ("The most grievous arguments made by [plaintiff's] counsel are those suggesting that [the defendant] acted improperly by defending [against plaintiff's] claims, and denigrating its defenses."); <u>State Farm Mut. Auto. Ins. Co.</u>

5

v. Revuelta, 901 So. 2d 377, 380 (Fla. 3d DCA 2005) (finding that the plaintiff "improperly insinuated that [the defendant] acted in bad faith in defending this action").

The City argues that Kinser's counsel improperly denigrated its defense by stating: "It's another thing all together to say, we know we created this problem, but we did nothing wrong. When a bear steps in a trap and breaks its leg, is it the bear's fault?" The City objected to this comment, but the trial court overruled the objection as constituting proper argument. We conclude that this comment comes close to crossing the line between proper and improper argument, as it suggests that the City's comparative negligence defense was frivolous and that the City was wrong to even defend the case. However, when Kinser's counsel told the jury that an argument made by the City was "ridiculous," we have no difficulty finding that the line between proper and improper argument had been crossed.

## III. **Improperly Appealing to the Conscience of the Community**

When an attorney makes "impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation," the attorney generates unfair prejudice by creating an improper "us-against-them" mentality, which at best is a "distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial." Blue Grass Shows, Inc. v. Collins, 614 So. 2d 626, 627 (Fla. 1st DCA 1993) (quoting

S.H. Inv. & Dev. Corp. v. Kincaid, 495 So. 2d 768, 771 (Fla. 5th DCA 1986), review denied, 504 So. 2d 767 (Fla. 1987) (quoting Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1238-39 (5th Cir. 1985))).

The City contends that Kinser's counsel improperly appealed to the conscience of the community by making the following statement:

> Nothing would be better than if juries had the ability to take a magic wand and, after hearing a case, go, we make it go away. It's gone. It didn't happen. That would be great, but we don't have that. That technology, unfortunately, hasn't been invented. All you have is this, you have your pen, and that's a very powerful instrument, because that's your instrument to deliver justice.

We disagree because nothing in this comment suggests that Kinser's counsel attempted to make an "us-against-them" argument, and it does not "evoke a sense of community law." The same cannot be said, however, of the following argument, which we find was an improper appeal to the conscience of the community: "She doesn't get to come back. This is her one chance to be before you. This is her one shot. It's all of your one shot to get it right, so go back there and take your instrument and get it right." The trial court correctly sustained the City's objection to this argument as the jury's role is to fairly evaluate the evidence before it in order to reach a verdict based on the law and the facts.

**IV. The Unobjected-to Improper Arguments**

In addition to the above objected-to arguments, Kinser's counsel told the jury that the City's doctors were "courtroom doctors" who "have their little tricks"

7

and were paid to say that Kinser was not hurt, and the City paid these doctors and "[f]or the money they sent, they got what they needed." These arguments were clearly improper. But because they were not objected to, the City must demonstrate that they could not have been cured by a timely objection and curative instruction, and that they were so damaging to the fairness of the trial that the "public's interest in our system of justice requires a new trial." Murphy, 766 So. 2d at 1031. The City failed to meet this burden.

## CONCLUSION

While it is clearly improper for an attorney to bolster the credibility of a witness, attack a party for putting on a valid defense, or appeal to the conscience of the community, most of the improper arguments were timely objected to; curative instructions were given by the trial court; and the prejudice to the City caused by these improper arguments was mitigated by the curative instructions. See Tanner, 907 So. 2d at 1197. We conclude that the cumulative effect of the improper objected-to and unobjected-to, uncured comments did not, given the facts of this case, deprive the City of a fair trial.

We also find that the City's remaining argument, that the jury verdict is against the manifest weight of the evidence, is without merit. Accordingly, we affirm the trial court's denial of the City's motion for a new trial.

Affirmed.

8