LEWIS, J.,
dissenting.
I respectfully dissent and would affirm the final judgment. While I agree with the majority that defense counsel’s statement concerning the plaintiffs .deposition was improper, I disagree that the trial court abused its discretion in denying the plaintiffs motion for mistrial because, unlike the majority, I do not view the statement as being so prejudicial as to vitiate *322 the entire trial. Although the comment could be viewed as an attack on the plaintiffs credibility, it is worth noting that defense counsel did not say that the plaintiff failed to mention during her deposition that she tapped her brakes, that she was asked during her deposition whether she tapped her brakes and she denied doing so, or that she changed her story as to what occurred before the accident. Instead, the statement was: “We took her deposition for hours and it never came up.” That statement could have been interpreted by the jury to mean that the plaintiff was not asked by defense counsel during her deposition whether she tapped her brakes. Either way, the trial court instructed the jury to disregard the comment by stating:
I’m going tq instruct the jury to disregard the last statement by counsel, something to the effect that there was nothing in the plaintiffs deposition that had to do with her tapping the brakes to disengage the cruise control. Again, I will remind you again, rely on your memories of what you heard here as evidence on every topic, okay? Thank you.
In my opinion; this curative instruction was sufficient to ensure that the plaintiff suffered no prejudice. See Sutton v. State, 718 So.2d 215, 216 (Fla. 1st DCA 1998) (noting the well-established presumption that juries follow trial court instructions); see also Perez v. State, 919 So.2d 347, 364 (Fla.2005) (holding that a mistrial was not warranted when a detective testified that the appellant told him that he always carried around a knife given that it was a short one-sentence statement and the trial court immediately gave a curative instruction); Hulick v. Beers, 7 So.3d 1153, 1157 (Fla. 4th DCA 2009) (“If the trial court could have reasonably decided that a curative instruction could have clarified any possible misunderstanding, then denial of the mistrial motion is warranted.”); Dozier v. Hodges, 849 So.2d 1094, 1095 (Fla. 3d DCA 2003) (holding that the trial court properly denied the motion for new trial, which was based on comments made during closing argument, where the trial court sustained all appropriate objections, gave curative instructions, and the evidence supported the jury’s verdict); Allstate Ins, Co. v. Wood, 535 So.2d 699, 699 (Fla. 1st DCA 1988) (stating that the trial court “has a superior vantage point to determine the effect” of any error on the jury and its ruling as to a new tidal will not be disturbed “unless it appeal's clear and patent on the record that prejudicial error occurred”).
As for whether the cumulative effect of the various statements made by defense counsel warrants a new trial, it is important to note that the trial was contentious on both sides, with the plaintiffs attorney admitting that he was not “terribly proud” of his behavior during trial. At one point, the trial court advised both sides that it had “given [them] a little bit of leeway” but would tolerate nothing less than professionalism and civility going forward. I disagree with the majority that the point was reached in this case where the totality of all errors and improprieties was pervasive enough to raise doubts as to the overall fairness of the trial court proceedings.
In City of Miami v. Kinser, 187 So.3d 921, 922 (Fla. 3d DCA 2016), the Third District held in part that the cumulative effect of the objected-to improper statements did not deprive the appellant of a fail* trial. There, the appellee’s counsel improperly bolstered the credibility of the appellee’s testimony by stating in part that the appellee did not make anything up and was honest, counsel improperly denigrated the appellant for asserting a defense and stated that an argument made by the appellant was ridiculous, and counsel improp *323 erly appealed to the conscience of the community by stating that the appellee did not get to come back before the jury and that the jury needed to take its instrument and get it right. Id. at 923-25. In affirming, the Third District set forth:
While it is clearly improper for an attorney to bolster the credibility of a witness, attack a party for putting on a valid defense, or appeal to the conscience of the community, most of the improper arguments were timely objected to; curative instructions were given ...; and the prejudice to the City caused by these improper arguments was mitigated by the curative instructions.
Id. at 925.
While the issues and comments at issue in Kinser were different from those involved in this case, they were arguably more egregious than those present here. Nevertheless, the Third District still determined that affirmance was in order. Here, like in Kinser, the cumulative effect of the improper comments did not deprive the plaintiff of a fair trial because most of the improper comments were timely objected to, curative instructions were given by the trial court, and the prejudice to the plaintiff caused by the improper comments was mitigated by the curative instructions.
As for the trial court’s mistaken statement to the plaintiffs counsel that an attorney may not question jurors on substantive law, which occurred after counsel asked the venire whether anyone would have a problem awarding the plaintiff damages for an “entire condition” if they were unable to decide what portion of the condition “resulted from the aggravation” caused by Dillard’s alleged negligence of “an existing disease or physical defect,” any error was harmless because the jury returned a defense verdict, finding that Dillard’s did not negligently cause the accident. In Brown v. State, 614 So.2d 12, 12 (Fla. 1st DCA 1993), this Court held that the trial court improperly restricted the defense’s questioning of prospective jurors about the appellant’s anticipated voluntary intoxication defense to the charges of battery on a law enforcement officer and resisting arrest with violence and, therefore, reversed those convictions and remanded for a new trial on those charges. However, this Court affirmed the appellant’s misdemeanor conviction and sentence for possession of drug paraphernalia because the voluntary intoxication defense did not apply to that charge. Id. Here, because the jury returned a defense verdict, it had no need to calculate damages. Therefore, the trial court’s improper restriction of voir dire was harmless, a fact Appellant essentially concedes by acknowledging that this issue is not a basis for reversal. I also find no merit in Appellant’s argument that defense counsel attempted to prejudice the jury against the plaintiff as Appellant cites to no evidence that defense counsel’s objection was made in bad faith.
For the foregoing reasons, I would affirm.