GRIFFIN, Judge.
Appellant, Deborah Elsass, appeals an adverse verdict in a personal injury case arising out of an automobile accident. Appellant raises three issues on appeal; we find error only in the lower court’s failure to grant appellant’s motion for mistrial based on a statement made by defense counsel during closing argument.
Prior to and during trial there had been frequent discussions of the accident report privilege and the permissible scope of examination of and testimony by the investigating police officers. The court had even entered an order in limine on the subject.[1] Nevertheless, in closing, defense counsel argued to the jury that:
I didn’t hear Mike Richie say it was Cecil Hankey’s fault. I didn’t hear Trooper Ed-sall say it’s Cecil Hankey’s fault....
It has long been clear in Florida that it is improper in a negligence case arising out of a traffic accident for counsel to suggest to the jury that his client was not charged with causing the accident. As the court in Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA 1974) explained:
[Cjommon sense (and experience as well) tells us that to the average juror the decision of the investigating police officer ... is very material to, if not wholly dispositive of, that juror’s determination of fault on the part of the respective drivers.
See Estate of Wallace v. Fisher, 567 So.2d 505 (Fla. 5th DCA 1990); MacNeil v. Singer, 389 So.2d 232 (Fla. 5th DCA 1980); see also Eggers v. Phillips Hardware Co., 88 So.2d 507 (Fla.1956); Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240, 1241 (Fla. 1st DCA 1985); Royal Indemnity Co. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974), cert. denied, 321 So.2d 76 (Fla.1975); Riedel v. Driscoll, 124 So.2d 42 (Fla. 1st DCA 1960). In this case, the argument was especially egregious in light of the fact that Cecil Hankey was the one to whom the investigating officers issued a citation for the accident.
The making of such an argument to the jury is so serious that it is deemed fundamental but is not per se error. 294 So.2d at 699. We cannot say the error was harmless in this case. The jury found no liability even though the facts strongly suggested the defendant’s negligent operation of his truck was the cause of the accident and he had no other explanation for how it had occurred. (“I was dumfounded.”) On the other hand, we recognize that the jury may well simply have concluded that the accident did not cause appellant any damage, but there is no way to tell. Appellant is entitled to a new trial.
REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.

. Counsel on appeal were not trial counsel.