DELL, Judge.
Cynthia Wainer appeals the trial court’s denial of her motion for mistrial and the subsequent order denying her motion for a new trial based on statements made by Aida Banquero during trial. Appellant argues that Mrs. Banquero’s remarks prejudiced the jury and deprived her of a fair trial. We agree.
Appellant claimed that she sustained personal injuries when she was rear-ended by a motor vehicle driven by Mrs. Banquero and owned by her husband, Ernesto Banque-ro. At trial, appellant testified that she had been driving in the same lane for approximately four traffic signals and was stopped at a red light for at least five seconds when she was rear-ended. In contrast, Mrs. Ban-quero testified that appellant’s car passed her on the right, cut her off and then, without functioning brake lights, made an unexpected stop at a green light. Mrs. Banquero braked, but slid forward because the road was wet, and hit appellant’s car.
During the course of Mrs. Banquero’s testimony, she stated, “[Wainer] was very excited and she talked with the policeman inside of the car, but we don’t have nothing to repair or loss — we don’t have no ticket for that accident.” The trial court cautioned the witness that she could not discuss that issue, and instructed the jury to disregard the comment. On re-direct examination, counsel asked, “Are you an expert in how long — how much time elapsed while an accident is unfolding?” Mrs. Banquero responded, “The first time in my life I have an accident was this one.” The trial court sustained the objection to this statement and again instructed the jury to disregard Mrs. Banquero’s comment. Counsel’s motion for a mistrial based on these two remarks was denied. The jury returned a verdict apportioning liability between appellant and appellees at forty percent and sixty percent respectively, and found that appellant did not sustain any permanent injury as a result of the accident.
Although testimony regarding whether a party is charged with a traffic violation does not constitute per se reversible error, see Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466, 468 (Fla. 4th DCA), rev. denied, 606 So.2d 1Í65 (Fla.1992), statements suggesting that a driver did not receive a traffic citation in connection with an accident may constitute prejudicial error warranting reversal. See Spanagel v. Love, 585 So.2d 317, 318 (Fla. 5th DCA 1991) (citing Moore v. Taylor Concrete & Supply Co., 553 So.2d 787, 790-91 (Fla. 1st DCA 1989)). Further, “evidence of a [party’s] past driving record should not be made part of the jury’s considerations.” Dade County v. Carucci, 349 So.2d 734, 735 (Fla. 3d DCA 1977).
The parties provided completely different versions concerning the accident. Their credibility and the jury’s resolution of the conflicting testimony made appellee’s comments an important factor in the jury’s determination. When appellee testified that she did not receive a citation and had never been in an accident before, she bolstered her testimony and by implication suggested that the police officer did not find her driving at fault. Based on this record, we cannot conclude that the jury’s verdict was not affected by Mrs. Banquero’s testimony or that the trial court’s instruction to the jury to disre *1106 gard her remarks cured the error. See Royal Indem. Co. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974), cert. denied, 321 So.2d 76 (Fla.1975); Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA), dismissed, 299 So.2d 602 (Fla.1974).
Accordingly, we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
GUNTHER and KLEIN, JJ., concur.