723 So.2d 871 (1998)
Bobby T. GOLDEN, Appellant,
v.
Burnice TIPTON, Appellee.
Nos. 97-3551, 97-4516.
District Court of Appeal of Florida, First District.
December 4, 1998.
Rehearing Denied January 15, 1999.
James B. Fensom and Michael P. Dickey of Barron, Redding, Hughes, Fite, Bassett, Fensom & Sanborn, P.A., Panama City, for Appellant.
Paul Richard Parker of Vince Bruner & Associates, Panama City, for Appellee.
WEBSTER, J.
These two consolidated appeals arise out of an action seeking damages for personal injuries allegedly sustained in an automobile collision. Appellant (Golden), who was the defendant in the trial court, claims entitlement to a new trial because of an improperly worded and prejudicial interrogatory verdict form and because of inadmissible and prejudicial answers given by appellee (Tipton) during his direct examination. Tipton has cross-appealed, claiming that the trial court committed reversible error when it set off against the jury award personal injury protection benefits available to him in the future; and has also appealed the trial court's denial of his request for an attorney fee. We conclude that Golden is entitled to a new trial because the trial court denied a motion for a mistrial made after Tipton implied in response to a question from his lawyer that Golden had received a traffic citation as a result of the collision.
During the trial, in response to a question posed by his lawyer, Tipton implied that Golden had received a traffic citation as a result of the collision. Golden immediately moved for a mistrial. The trial court denied the motion, instead merely instructing the jury to disregard the testimony. When a person charged with a noncriminal traffic infraction elects to pay the civil penalty by mail, and does so in a timely manner, although the person is deemed to have admitted the infraction, that "admission shall not be used as evidence in any other proceedings." § 318.14(4), Fla. Stat. (Supp.1994). Generally, "questions or allusions which suggest that a driver has or has not been charged with a traffic violation" are considered sufficiently prejudicial to require a new trial. Moore v. Taylor Concrete & Supply Co., 553 So.2d 787, 790 (Fla. 1st DCA 1989). This is true even when, as in this case, negligence is not an issue. See Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466 (Fla. 4th DCA), review denied, 606 So.2d 1165 (Fla.1992) (holding that the trial court should have granted the defendant's motion for a mistrial when testimony in an automobile collision case suggested that a traffic citation had been issued to the defendant even though negligence was not an issue). Because the severity of the impact which allegedly caused Tipton's injuries was hotly disputed, we conclude that the trial court abused its discretion when it denied Golden's motion for a mistrial. Accordingly, we reverse and remand for a new trial on causation and damages.
*872 Golden also complains about the language of a question on the special verdict form regarding whether Tipton's injuries satisfied the no-fault permanency threshold. See § 627.737, Fla. Stat. (1993). We agree that the language added by the trial court over Golden's objection was somewhat confusing because it was redundant. (Essentially, it repeated that an injury which "result[ed] in significant and permanent loss of an important bodily function" would be sufficient to satisfy the permanency requirement.) However, it did not misstate the law and, to the extent that it might have confused the jury, we are unable to perceive how it might have done so to Golden's detriment. Accordingly, any error that occurred as a result of the language of the question was harmless.
In summary, we hold that Golden is entitled to a new trial on causation and damages because the trial court denied his request for a mistrial made in response to Tipton's testimony implying that Golden had received a traffic citation as a result of the collision. This holding moots the issues raised by Tipton.
REVERSED and REMANDED, with directions.
ALLEN and LAWRENCE, JJ., CONCUR.