PER CURIAM.
Appellant/plaintiff, David Kenet, M.D., appeals a judgment in favor of ap-pellees/defendants, Guy B. Bailey, Jr., an attorney, and Bailey, Hunt, Jones & Busto, P.A., his law firm, entered after a punitive damages trial. This trial was held after we remanded the case in Kenet v. Bailey, 679 So.2d 348 (Fla. 3d DCA 1996). In the 1996 Kenet opinion, we directed that the trial court enter judgment in Kenet’s favor on his claim for compensatory damages and reversed the order denying his claim for punitive damages. The trial court was to schedule a trial to determine Bailey’s liability for punitive damages and the amount of damages, if any. During the next three years, the parties have engaged in extensive litigation over the viability of the punitive damage claim before ultimately arriving at trial of the issue. The trial resulted in a jury verdict in favor of Bailey, awarding no punitive damages. Because Bailey intentionally gave false information to the jury on a crucial issue while testifying in his own defense, we again reverse.
Bailey and his law firm represented Kenet and a non-party in litigation which resulted in a substantial settlement in favor of Kenet. As there remained unresolved issues between Kenet and the other plaintiff as to this settlement, Bailey and the law firm placed $95,186.00 of Kenet’s proceeds from the settlement into the law firm’s trust account. The only interest Bailey and his firm had in the funds was to carry out their fiduciary relationship. During the next six years, the firm held the funds and provided an accounting to Kenet and the other plaintiff, until 1991, when Bailey, without informing Kenet, disbursed the funds to his own account. In our prior opinion we determined that “Bailey and the law firm had no lien or preclu-sionary right to the escrowed funds.... Under the circumstances, when Bailey and the law firm disbursed the trust funds into Bailey’s personal account that act provided Kenet with a cause of action for conversion.” Kenet v. Bailey, 679 So.2d at 351.
At the punitive damages trial on remand, defendant Bailey testified in his own defense about his lengthy good-standing with the Florida Bar and the lack of any prior problems or Bar grievance proceedings against him. When he testified that there had never been a “probable cause” finding against him in any Bar proceeding, including this case, plaintiffs counsel objected, stating, “this case is open and pending, Your Honor.” Mr. Bailey, the witness, replied: “The case is not open and pending and that is not correct, sir.” The trial court then sustained the objection but took no further action on the issue. This testimony was false and Bailey knew it because four months prior to trial, he had been notified of a pending investigation into the circumstances of this case. Furthermore, only two months prior to trial, Bailey had submitted a preliminary response to the Bar, urging the dismissal of the matter as barred by collateral estop-pel.
*517 Normally, Bailey’s history with the Florida Bar would have been irrelevant, particularly any pending or concluded investigations concerning the very matter being litigated. The reason is that the prejudicial effect outweighs its probative value under section 90.403, Florida Statutes (1997). By analogy, evidence that a driver was or was not given a traffic citation is improper in the trial of vehicular negligence cases. See, e.g., Golden v. Tipton, 723 So.2d 871 (Fla. 1st DCA 1998) (reversing the denial of a motion for mistrial where plaintiff implied that defendant had received a traffic citation as a result of the collision, even though negligence was not an issue); Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466 (Fla. 4th DCA 1992); Moore v. Taylor Concrete & Supply Co., 553 So.2d 787, 790 (Fla. 1st DCA 1989)(“questions or allusions which suggest that a driver has or has not been charged with a traffic violation” are considered sufficiently prejudicial to require a new trial). In fact, it is error to divulge to the jury the conclusion of any other fact-finder as this information has the inevitable tendency of causing the jury to defer to decisions made by those other agencies. See Secada v. Weinstein, 563 So.2d 172, 173 (Fla. 3d DCA 1990). However here it was Bailey, the person being investigated by the Bar, who placed the issue into evidence. By doing so, the truthfulness of Bailey’s protestations became particularly relevant.
The obvious implication of Bailey’s testimony was that he had been exonerated by the Florida Bar for any ethical violations in connection with what this Court had previously found to have been the conversion of trust account funds. In so doing, Bailey was able to use the rules of confidentiality surrounding the Bar proceedings to prevent Kenet from exposing to the jury the inaccuracy of this testimony. This activity is particularly troublesome when the deception is perpetrated by an “officer of the court.” Judge Sorondo recently wrote in his concurring opinion in Metropolitan Dade County v. Martinsen, 736 So.2d 794, 796 (Fla. 3d DCA 1999):
The suggestion that perjury in civil cases is acceptable, or, in the alternative, that it will go unpunished even when discovered, has gained regrettable acceptance among many. I can think of few crimes, however, that strike more viciously against the integrity of our system of justice than the crime of perjury.
Bailey’s testimony may not have been per-jurious, but it certainly was inaccurate and misleading. The trial court accepted this testimony or allowed it to go unpunished. In our view, this was an abuse of discretion. We thus reverse and remand for a new trial on the issue of punitive damages.