LEWIS, J.
Appellants, Vantran Industries, Inc. (“Vantran”), Robert Salinas, and Leonor Salinas, appeal the final judgment entered by the trial court and argue that they are entitled to a new trial on their negligence claim against appellees, Ryder Truck Rental, Inc. (“Ryder”), Williams Scotsman, Inc. (“Williams Scotsman”), and Hank Eldon Rowell. According to appellants, the trial court erred in denying their motion for mistrial after one of their witnesses testified on cross-examination that appel-lee Rowell did not receive a traffic citation as a result of the accident at issue, in including Mr. McCracken’s name on the verdict form so as to permit the jury to apportion fault between him and Rowell, in questioning one of their witnesses, and in instructing the jury on the sudden emergency doctrine. We agree with appellants that the trial court erred in denying their motion for mistrial and, therefore, reverse the final judgment and remand for a new trial. We also agree with appellants that the trial court erred in including Mr. McCracken’s name on the verdict form. We find no error with respect to the trial court’s questioning of appellants’ witness and the giving of the sudden emergency instruction and, thus, decline to address those issues further.
In January 1999, James McCracken, in an attempt to commit suicide, hid behind an overpass column located on 1-10 in Jefferson County and jumped in front of a tractor-trailer driven by Billy Lanham. Lanham veered to the left and avoided hitting McCracken. Shortly thereafter, McCracken ran in front of a tractor-trailer owned by Ryder, leased to Williams Scotsman, and driven by appellee Rowell as *423 Rowell traveled westbound on I — 10 at approximately seventy miles per hour.' Ro-well initially avoided hitting McCracken. However, McCracken then did what Ro-well described to be a swan-dive towards the front quarter of his tractor-trailer and was consequently struck and killed. Ro-well’s tractor-trailer then “went down” through the median and proceeded into an eastbound lane of traffic where the tractor-trailer collided with a truck owned by appellant Vantran and driven by appellant Robert Salinas.
Following the accident, appellants filed a negligence action against appellees. As an affirmative defense, appellees asserted that McCracken’s acts were the sole cause of the accident. Appellants subsequently moved for partial summary judgment, arguing that McCracken’s actions were intentional as a matter of law and that, as a consequence, appellees were not entitled to have McCracken’s name included on the verdict form as a negligent tortfeasor. The trial court denied the motion. Thereafter, appellants filed a motion in limine, requesting that any evidence referring to McCracken as a joint tortfeasor be deemed inadmissible. During the pre-trial conference, the trial court set forth, “The man’s actions speak much louder than what his words were. Hiding behind a pillar on an overpass and trying to seize the right moment when a trucker won’t see you and jump out in front of him, certainly is intentional.” However, in its order denying appellants’ motion in limine, the trial court concluded that McCracken had been negligent in jumping in front of Rowell’s tractor-trailer and subsequently included McCracken’s name on the verdict form.
During trial, appellants called Thomas Crawford, a retired highway patrolman, who testified that he was the traffic homicide investigator in this case. On direct-examination, Crawford detailed his investigation of the accident. During cross-examination, appellees’ counsel asked, ‘You didn’t cite Mr. Rowell for having driven improperly? You didn’t find that Mr. Ro-well was crossing the median,” to which appellants’ counsel objected on the ground that a citation was irrelevant. The trial court sustained the objection. Appellants’ counsel then moved for a mistrial on the ground that the question was manifestly improper. After the trial court set forth that it believed that appellants’ motion was well-founded, appellees’ counsel apologized and requested a curative instruction, which the trial court gave over appellants’ objection. Once questioning resumed, appel-lees’ counsel inquired, “[Y]our job as a traffic homicide investigator is to find out what caused the accident and to determine fault in the accident correct,” to which Crawford replied, “My charges at a scene is [sic] for criminal charges, vehicular homicide. I don’t make traffic charges.” Crawford then stated, “I don’t make traffic tickets. That is something that needs to be understood. My charges would have been manslaughter or vehicular homicide or DUI manslaughter. None of those were involved in this.” Crawford proceeded to testify that he determined that McCracken had been attempting to commit suicide when he jumped in front of Rowell’s tractor-trailer. When later asked by appellees’ counsel if he was critical of anything Rowell had done while in the median, Crawford replied, “My only critical point would be ending up in the eastbound lane.” When asked by appellees’ counsel, “But you didn’t fault [Rowell] for getting there, just the fact he was there,” Crawford replied, “No, sir. No tickets were written on this because of the suicide.” Appellants renewed their motion for mistrial, which the trial court denied.. The court again instructed the jury to disregard the statement. Following Craw *424 ford’s re-direct examination, the trial court questioned Crawford regarding his investigation ' and ■ testimony. Appellants moved for a mistrial on the ground that the court’s questioning so colored the case in favor of a defense verdict that appellees could not receive a fair trial. The trial court denied the motion.
Following the testimony of Lanham, Ro-well, Robert Salinas, and appellants’ safety expert, Dr. Richard Carr, who testified that Rowell should not have locked his brakes after hitting McCracken and could have avoided the accident with Salinas by counter-steering to the right, appellants rested their case. Appellees moved for a directed' verdict on the ground of insufficient evidence. The trial court, setting forth that it was of the opinion that no evidence had been submitted to the jury to establish the existence of any facts upon which an action against Rowell could be predicated, deferred ruling on the motion until after the .jury returned a verdict.
Appellees, who read two depositions into evidence but called no expert witnesses, later rested their, case. Over appellants’ objection, the trial court instructed the jury on the sudden emergency doctrine. Specifically, the court set forth:
You are instructed that a person’s conduct occurring after being confronted with a sudden peril requiring instinctive action should not' be considered by you as a legal cause of the collision if such person did not contribute in any way to the sudden peril, and a reasonably prudent person might have reacted to the sudden peril in the same or a similar way.
One confronted with sudden peril or a sudden emergency which exists without any fault of such person is not held to the same degree of care or judgment which is required of one who is acting under normal conditions.
Whether Hank Rowell should be excused for his conduct which occurred after Mr. McCracken-jumped in front of him is dependent upon your determination of whether Mr. Rowell did or attempted to do what a reasonably prudent person would have done or might have done under the same or similar circumstances.
Even if you find from the greater weight of the evidence that an alternative course of action was available to Mr. Rowell whereby the collision might or would have been avoided, Mr. Rowell’s conduct is excused and is not a legal cause of the collision if you find from the greater weight of the evidence that a reasonably prudent person might have acted in the same or similar manner that Mr. Rowell acted.
• Following deliberations, the jury answered “no” to the first question on the verdict form of whether there was negligence on the part of Rowell and “no” to the second question of whether there was negligence on the part of appellant Robert Salinas. Given the answers to the first two questions, the jury did not answer the third question of whether there was negligence on the part of McCracken or the fourth question, which asked the jury to allocate negligence among Rowell, Salmas, and McCracken.
Appellants moved for a new trial, making the same arguments that they now make on appeal. The trial court denied the motion and entered a final judgment, in which it declared that appellants would recover nothing by their action. This appeal followed.
Appellants first contend that the trial court erred in denying their motion for mistrial following Crawford’s testimony that Rowell was not issued a citation fol *425 lowing the accident. We agree. As the Fourth District has explained:
Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror’s determination of fault on the part of the respective drivers.
Albertson v. Stark, 294 So.2d 698, 699-700 (Fla. 4th DCA 1974). We similarly have explained that “[generally, ‘questions or allusions which suggest that a driver has or has not been charged with a traffic violation’ are considered sufficiently prejudicial to require a new trial.” Golden v. Tipton, 723 So.2d 871, 871 (Fla. 1st DCA 1998) (quoting Moore v. Taylor Concrete & Supply Co., 553 So.2d 787, 790 (Fla. 1st DCA 1989)).
For instance, in Golden, we concluded that the appellant was entitled to a new trial because the trial court denied a motion for mistrial made after the appellee implied in response to a question from his lawyer that the appellant had received a traffic citation as a result of the collision between the two parties. See 723 So.2d at 871. We held that the trial court abused its discretion, notwithstanding its instruction to the jury to disregard the testimony. See id. We similarly held in White v. Consolidated Freightways Corp., 766 So.2d 1228, 1229 (Fla. 1st DCA 2000), that the trial court abused its discretion in denying the appellant’s motion for mistrial after the appellees’ counsel, who advised the jury during opening statements that the investigating highway patrolman talked to everyone who was at the accident scene, stated, “ ‘I think the evidence will show that no one claimed that [the appellee] had anything to do with this accident at the scene of the accident.’ ” We determined that the only reasonable inference to be made from the statement was that the appellee was not charged with any traffic infraction in connection with the accident. See id. at 1233; see also Galgano v. Buchanan, 783 So.2d 302, 306-07 (Fla. 4th DCA 2001) (holding that the appellant was deprived of a fair trial as a. result of the admission of evidence that she received a traffic citation following the accident,and concluding that the trial court erred in denying the appellant’s motion in limine to preclude the appellee from questioning her and the investigating officer as to whether she received a citation); Wainer v. Banquero, 713 So.2d 1104, 1105 (Fla. 4th DCA 1998) (holding that the trial court reversibly erred in denying the appellant’s motion for mistrial given the appellee’s testimony that “we don’t have no ticket for that accident,” notwithstanding the fact that the trial court instructed the jury to disregard the comment); Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466, 467 (Fla. 4th DCA 1992) (holding that the trial court reversibly erred in denying the appellant’s motion for mistrial following the investigating officer’s affirmative response to the appellee’s counsel’s question of whether any traffic citations had been issued as a result of the parties’ collision); Lindos Rent A Car v. Standley, 590 So.2d 1114, 1114-15 (Fla. 4th DCA 1991) (affirming the trial court’s grant of a new trial as a result of the appellants’ counsel’s opening statement that “[n]o citations were issued” following the parties’ collision); Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240, 1241 (Fla. 1st DCA 1985) (holding that the trial court reversibly erred in denying the appellants’ motion for mistrial following the appellee’s negative response to his attorney’s question of whether he had been cited for a traffic violation following the parties’ accident and concluding that the question and answer were highly improper and prejudicial and that the *426 harm was hot cured by the trial court’s instruction to the jury); Riedel v. Driscoll, 124 So.2d 42, 47 (Fla. 1st DCA 1960) (reversing and remanding for a new trial after the appellees’ counsel answered “[ú]nfortunately, yes, Your Honor,” when asked in the jury’s presence if the parties agreed that what happened in the traffic court was of no concern to the jury in trying the personal injury case, given that counsel’s remark had the effect of indicating to the jury that the appellant had been cited for a traffic violation connected with the parties’ accident).
Contrary to appellees’ argument on appeal, regardless of the fact that Crawford was a homicide investigator, appel-lees’ counsel asked Crawford, “You didn’t cite Mr. Rowell for having driven improperly.” Although the trial court agreed that the statement was improper, it instructed the jury to disregard it. After questioning resumed, Crawford explained that he did not “make” traffic tickets. Rather, Crawford was present at the accident scene to determine whether any criminal charges were applicable with respect to McCracken’s death. Subsequently, in response to appellees’ counsel’s statement, “But you didn’t fault [Rowell] for getting there, just the fact he was there,” Crawford replied, “No, sir. No tickets were written on this because of the suicide.” Given Crawford’s testimony that he did not make traffic tickets, this last statement strongly implies that no one else, including the actual traffic investigators, issued Ro-well any tickets as- a result of the accident. As explained in Albertson, the suggestion that Rowell was not issued a traffic citation following the accident would be very material, if not wholly dispositive, of the average juror’s determination of Rowell’s fault, especially given the unusual factual scenario present in this case. As such, we hold that the statements at issue were sufficiently prejudicial to require a new trial, notwithstanding the fact that the trial court gave a curative instruction. See, e.g., Golden, 723 So.2d at 871; Wainer, 713 So.2d at 1105.
We write to address appellant’s second issue on appeal given that the issue will undoubtedly arise again during the new trial. Appellants contend that the trial court erred in listing McCracken on the verdict form so as to permit the jury to apportion fault between him and Rowell. We agree. Appellants correctly argue that McCracken’s act of committing suicide by jumping in front of a fifty-thousand pound tractor-trailer traveling at seventy miles per hour was an intentional, rather than a negligent, act. See Wyke v. Polk County Sch. Bd., 137 F.3d 1292, 1293 (11th Cir.1998) (affirming the trial court’s refusal to -include the name of a teenage boy who committed suicide on the verdict form because the boy’s suicide constituted an intentional act). Therefore, McCracken’s name should not have been, and should not be, included on the verdict form. See id.; see also Stellas v. Alamo Rent-A-Car, Inc., 702 So.2d 232, 233-34 (Fla.1997) (holding that it was error to permit the name of a nonparty intentional tortfeasor’s name to appear on the verdict form so as to permit the jury to apportion fault between the nonparty and the negligent tort-feasor); Jones v. Budget Rent-A-Car Sys., Inc., 723 So,2d 401, 402 (Fla. 3d DCA 1999) (citing Merrill Crossings Assocs. v. McDonald, 705 So.2d 560 (Fla.1997), for the proposition that section 768.81, Florida Statutes, the comparative fault statute, does not permit allocation of fault between both negligent and intentional tortfeasors and noting that the comparative fault statute does not apply to cases involving intentional conduct).
Accordingly, because the trial court erred in denying appellants’ motion for *427 mistrial, we REVERSE and REMAND for a new trial.
BROWNING and POLSTON, JJ., Concur.