BERGER, J.
Appellant, Mayra Diaz, as personal representative of the decedent’s estate, appeals a final judgment entered in favor of Appellees, in a case involving a fatal accident between a motorcycle and a FedEx tractor trailer. Appellant raises two issues on appeal, only one of which merits discussion.[1] She argues that the trial court reversibly erred when it denied her motion for a mistrial following the investigating detective’s testimony regarding fault. We agree and reverse.
The accident occurred at the intersection of Hangar Road and Heintzelman Boulevard in Orlando, Florida, when the decedent, Yuniel Avila Diaz, drove his motorcycle into the side of the tractor trailer driven by Vincent Jackson. When the crash occurred, Jackson was crossing the two southbound lanes of Heintzelman in order to make a left-hand turn. He was at a complete stop in the median and had cleared one of the two southbound lanes. The decedent was traveling between fifty-nine to seventy-nine miles per hour at the time of the crash, well above the posted speed limit of forty-five miles per hour, and could have avoided the accident had he not been speeding.
Appellants sued for Jackson’s alleged comparative negligence in failing to stop at a stop sign before proceeding onto Heint-zelman Boulevard. Jackson testified that he stopped at the stop sign before crossing the southbound lanes, but this was disputed by Appellant’s experts. The three eyewitnesses could not testify one way or the other because they either could not see the tractor trailer at the stop sign or were not paying attention.
Prior to trial, the court granted Appellant’s motion in limine precluding testimony regarding the issuance of a citation or the assignment of fault.[2] In direct violation of the ruling, the defense elicited testimony from Detective Harold Felshaw, the *226 traffic homicide investigator, who had already testified for Appellees regarding the decedent’s excessive speed. In response to a question regarding contributing causes to the accident, the detective testified that he “was given no reason to feel there was any fault on the part of the other vehicle based on the information or the evidence that [he] found at the scene.” This statement triggered the motion for mistrial.
Although the trial court determined that Detective Felshaw’s testimony clearly violated its order in limine, it denied Appellant’s motion for mistrial and offered a curative instruction instead. The court reasoned that “an adequate instruction can be fashioned where the jurors are directly told that this individual is not competent and cannot testify as to fault.”[3] Despite the curative instruction, at the end of Detective Felshaw’s testimony, a juror asked the court to pose the following question to the detective: “Was Mr. Jackson ticketed for any improper movements and/or actions he may have done that day?” The trial judge did not present the question to Detective Felshaw and instructed the jury that “[w]hether or not anyone was ticketed is not an issue to be considered in this case; therefore, the question cannot be asked.”
Appellant argues that a mistrial was required because Detective Felshaw’s testimony effectively precluded the jury from finding that Jackson negligently contributed to the accident, especially given the undisputed evidence that the decedent was exceeding the speed limit. We agree. As a general rule, a jury should not be informed of an investigating officer’s determination of who caused an accident and who was cited. Galgano v. Buchanan, 783 So.2d 302, 307 (Fla. 4th DCA 2001). Florida courts have consistently found the error sufficiently prejudicial to require a new trial. See, e.g., Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466, 467 (Fla. 4th DCA 1992) (finding that police officer’s testimony that citation had been issued to other driver was improper and should have resulted in mistrial); Spanagel v. Love, 585 So.2d 317, 318 (Fla. 5th DCA 1991) (holding that statement by police officer that there was no improper driving on the part of defendant motorist required a new trial, as statement was tantamount to a declaration by officer that no traffic summons had been issued in the case); Estate of Wallace v. Fisher, 567 So.2d 505, 508 (Fla. 5th DCA 1990) (holding that admission of officer’s testimony regarding issuance of traffic citation was prejudicial and reversible). The rationale behind the rule was explained in Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA 1974), wherein the court stated:
Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror’s determination of fault on the part of the respective drivers.
Here, the question to Detective Fel-shaw, regarding other contributing causes to the accident, did not include inquiry as to whether or not Jackson was cited. Nonetheless, he testified that his investigation found “no fault” on the part of Jackson. Because the only reasonable inference from the detective’s response is that *227 Jackson was not charged, the question improperly placed the information before the jury.
We also reject the argument that the curative instruction was sufficient to overcome the prejudice created by this testimony. Improper questioning regarding traffic citations may not, in every case, warrant the granting of a mistrial or reversal of the judgment. See Hulick v. Beers, 7 So.3d 1153, 1156 (Fla. 4th DCA 2009). However, when liability is at issue, curative instructions are usually insufficient to cure the error. See, e.g., Vantran Indus., Inc. v. Ryder Truck Rental, Inc., 890 So.2d 421, 425-26 (Fla. 1st DCA 2004) (finding that curative instruction did not cure the prejudice of an officer’s testimony that no tickets were written); Golden v. Tipton, 723 So.2d 871, 871 (Fla. 1st DCA 1998) (holding that curative instruction did not cure prejudice of an officer’s testimony implying that one of the parties had received a traffic citation as a result of the collision); see also Wainer v. Banquero, 713 So.2d 1104, 1105 (Fla. 4th DCA 1998) (holding that curative instruction was insufficient to overcome prejudice caused by the defendant’s testimony that she was not ticketed for accident); Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240, 1241 (Fla. 1st DCA 1985) (determining that curative instruction did not countermand prejudice caused by plaintiffs testimony that he had not been cited for accident).
Although the evidence was undisputed that the decedent was traveling at a high rate of speed at the time of the accident, and that the accident could have been avoided had decedent been driving the speed limit, there was disputed evidence as to whether or not Jackson failed to stop at the stop sign and whether this contributed to the accident. Detective Felshaw’s testimony that he did not feel there was any fault on the part of Jackson was especially critical, given the conflict in the evidence, because his testimony effectively eliminated the issue of comparative negligence from the jury’s consideration. Accordingly, we find the trial judge’s curative instruction, though well intended, was insufficient to cure the prejudice. The error was not harmless and Appellant is entitled to a new trial.
REVERSED and REMANDED.
EVANDER, J., and SMITH, III, C.M., Associate Judge, concur.

. We find no error in the trial court’s refusal to grant a directed verdict in Appellant’s favor on tire issue of negligent entrustment by the non-party defendants.

. Specifically, the trial court ordered: "So no one's going to testify that the officer issued a citation to anybody, because that’s very clear. The other is the issue of fault, and that’s also pretty clear. But I don’t want to foreclose the witness testifying from his expertise as to, you know, what an expert might draw from the physical evidence so long as we’re not talking about fault.”

. The jury received the following curative instruction: “Okay, I’ve got to give you a little bit of an instruction. You heard what the witness indicated. This witness is not allowed or competent to testify as to fault. That is a factual decision that is your decision, so you're instructed to disregard that testimony.”