# Third District Court of Appeal

## State of Florida

Opinion filed April 4, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-39
Lower Tribunal No. 14-8415
_____

**ESCA Investment, Inc.,**
Appellant,

vs.

**Alejandro Tarraza,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez (Tampa), David Tarlow (Fort Lauderdale) and Michael Wood (Fort Lauderdale), for appellant.

Kawel PLLC, and Andrew Paul Kawel, for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

PER CURIAM.

ESCA Investment, Inc., the defendant below, appeals from the trial court's order granting a new trial upon motion filed by Alejandro Tarraza, plaintiff below. The trial court granted the motion for new trial based upon the individual and cumulative effect of defendant's violation of an order *in limine*, improper closing argument (properly preserved by defendant's contemporaneous objection), and a determination that the jury's award of zero damages for future pain and suffering was contrary to the manifest weight of the evidence.

Upon our consideration of the trial court's careful and detailed seven-page order, and our own review of the record upon which the trial court based its determinations, we find no abuse of discretion. See Brown v. Estate of Stuckey, 749 So. 2d 490, 497-98 (Fla. 1999) (holding: "When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion"); Castlewood Intern. Corp. v. LaFleur, 322 So. 2d 520, 522 (Fla. 1975) (observing: "Since at least 1962, it has been the law of Florida that a trial court's discretion to grant a new trial is 'of such firmness that it would not be disturbed except on clear showing of abuse . . . .' Cloud v. Fallis, 110 So. 2d 669, 672 (Fla. 1959). A heavy burden rests on appellants who seek to overturn such a ruling, and any abuse of discretion must be patent from the record"); Ryan v. Atlantic Fertilizer & Chem, Co., 515 So. 2d 324, 327 (Fla. 3d

2

DCA 1987) (holding that the burden is on appellant "to clearly or plainly show that there was a gross or palpable abuse of discretion" in trial court's granting new trial).

Affirmed.