# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0246
Lower Tribunal No. 11-978-P
_____

**Ashley Rierson,**
Appellant,

vs.

**David Deveau, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Seiden Law and Henry A. Seiden (Delray Beach), for appellant.

Vernis & Bowling of The Florida Keys, P.A., and Gaelan P. Jones and Scott C. Black; Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A. and Robert I. Buchsbaum, (Hollywood), for appellees.

Before SALTER, and MILLER, JJ., and LEBAN, Senior Judge.

MILLER, J.

Ashley Rierson, appeals the final judgment rendered in this personal injury action in favor of appellees, David Deveau, Latrice Pla, Abraham Baker, and Donald Lassman, as Chapter 7 Trustee of the Bankruptcy Estate of David Deveau. Rierson raises five issues on appeal. For the reasons set forth below, we conclude that the trial court abused its discretion in denying appellant's motion for a new trial. Thus, we reverse and remand for a new trial.

## FACTS

Appellant, Rierson, suffered catastrophic injuries after she was struck by Deveau's motor vehicle while she was traversing a three-lane roadway in Monroe County, Florida. The impact from Deveau's vehicle propelled Rierson into another lane of traffic, where she was struck again by a vehicle operated by Pla and owned by Baker.

Florida Highway Patrol Trooper Juan Sanchez responded to the scene shortly after the accident. Trooper Sanchez conducted a lengthy investigation and ultimately concluded that Deveau was at fault for failing to avoid the accident. Deveau was cited for violating section 316.130(15), Florida Statutes (2018), which provides:

> Notwithstanding other provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human-powered vehicle and give warning when necessary and exercise proper precaution upon observing any child or any obviously confused or incapacitated person.

2

Deveau entered a plea of nolo contendere to the citation, and was thereafter adjudicated guilty.

Immediately prior to trial, Deveau sought and obtained orders in limine prohibiting any and all reference to the traffic citation and the contents of the accident report.[1] At trial, appellees contested both liability and damages. Rierson relied heavily upon the testimony of Trooper Sanchez in establishing her theory of the case. During closing argument, Deveau's counsel told the jury that Trooper Sanchez had not "rendered a single opinion about fault in [the] accident." A specific, contemporaneous objection was overruled by the trial court. Deveau's counsel then further argued that Trooper Sanchez had not reconstructed the accident and had no opinion as to whether Deveau "use[d] the lane appropriately," or as to whether or not Deveau was negligent.

Following deliberations, the jury returned a verdict of no liability as to all appellees. Rierson sought a new trial, which was denied by the trial court. This appeal ensued.

**ANALYSIS**

---

[1] Section 316.066(4), Florida Statutes (2018) provides: "Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. **Such report or statement may not be used as evidence in any trial, civil or criminal**." (emphasis supplied). **Wednesday, April 17, 2019 At 9:30 A.M.**

We review a trial court's denial of a motion for new trial based on improper closing arguments for an abuse of discretion.[2]  See, e.g., Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1271 (Fla. 2006).  Where the issue of alleged improper closing argument is properly preserved, the trial court should grant a new trial if the argument was "highly prejudicial and inflammatory."  See, e.g., Leyva v. Samess, 732 So. 2d 1118, 421 (Fla. 4th DCA 1999) (citation omitted).  In order "[t]o determine whether the challenged statements and arguments were in fact prejudicial, the statements cannot be evaluated in isolation but must be placed and evaluated in context."  Engle, 945 So. 2d at 1272 (citing State v. Jones, 867 So. 2d 398, 400 (Fla. 2004)).

Here, Rierson contends the closing argument improperly suggested that Trooper Sanchez did not issue a citation to Deveau for the accident.  "It is well settled that questions or allusions which suggest that a driver has or has not been charged with a traffic violation in connection with an accident constitute

---

[2]  With regard to the standard of review, Florida courts have noted "a stronger showing is required to reverse an order allowing a new trial than to reverse an order denying a motion for new trial."  State Farm Fire and Cas. Co. v. Higgins, 788 So. 2d 992, 1006 (Fla. 4th DCA 2001) (quoting Cenvill Cmtys., Inc. v. Patti, 458 So. 2d 778, 781 (Fla. 4th DCA 1984)); see also ESCA Inv., Inc. v. Tarraza, 239 So. 3d 1285, 1286 (Fla. 3d DCA 2018) (citing Castlewood Int'l Corp v. LaFleur, 322 So. 2d 520, 522 (Fla. 1975) ("A heavy burden rests on appellants who seek to overturn [an order granting a new trial], and any abuse of discretion must be patent from the record.")).  Moreover, "the closer an issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion."  Van v. Schmidt, 122 So. 3d 243, 258 (Fla. 2013) (quoting Tri-Pak Mach., Inc. v. Hartshorn, 644 So. 2d 118, 119 (Fla. 2d DCA 1994)).

prejudicial error, which in appropriate circumstances will warrant a new trial." Moore v. Taylor Concrete & Supply Co., 553 So. 2d 787, 789 (Fla. 1st DCA 1989); see also Eggers v. Phillips Hardware Co., 88 So. 2d 507 (Fla. 1956); Budget Rent A Car Sys., Inc. v. Jana, 600 So. 2d 466, 467 (Fla. 4th DCA 1992) (holding that police officer's testimony that a citation had been issued to other driver was improper and should have resulted in mistrial); Spanagel v. Love, 585 So. 2d 317, 318 (Fla. 5th DCA 1991) (holding that statement by police officer that there was no improper driving on the part of defendant motorist required a new trial, as statement was tantamount to a declaration by officer that no traffic summons had been issued in the case); Estate of Wallace v. Fisher, 567 So. 2d 505, 508 (Fla. 5th DCA 1990) (holding that admission of officer's testimony regarding issuance of traffic citation was prejudicial and reversible). In Albertson v. Stark, 294 So. 2d 698, 699 (Fla. 4th DCA 1974), the Fourth District Court of Appeal explicated the rationale for the rule as follows:

> Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers.

See also Soto v. McCulley Marine Servs., Inc., 181 So. 3d 1223, 1226 (Fla. 2d DCA 2015) ("The negligence standard employed by juries is not the same as the

standard used by individual law enforcement officers when deciding whether to write a ticket.").

In Elsass v. Hankey, 662 So. 2d 392 (Fla. 5th DCA 1995), the Fifth District Court of Appeal considered whether the lower court erred in failing to grant a motion for mistrial made during closing argument in a personal injury case. There, the cited driver, Cecil Hankey, obtained an order in limine precluding any reference to his traffic citation at trial. Nonetheless, during closing argument, his attorney argued: "I didn't hear [the investigating officers] say it's Cecil Hankey's fault." Id. at 393. Concluding that the argument impermissibly suggested to the jury that Hankey was not charged by law enforcement with causing the accident, the court reversed and remanded for a new trial. The court noted: "In this case, the argument was especially egregious in light of the fact that Cecil Hankey was the one to whom the investigating officers issued a citation for the accident." Id.

Likewise, in Diaz v. FedEx Freight E., Inc., 114 So. 3d 224 (Fla. 5th DCA 2012), the trial court granted a motion in limine precluding testimony regarding the issuance of a citation or the assignment of fault. Nonetheless, at trial, the traffic homicide investigator testified he "was given no reason to feel there was any fault on the part of the [driver of appellee's] vehicle." Id. at 226. The Fifth District Court of Appeal held that, although a lack of traffic citation was not directly

6

referenced, the investigator's opinion of "no fault" improperly implied that the driver was not cited, necessitating reversal.

Here, the statements by Deveau in closing argument that Trooper Sanchez had not "rendered a single opinion about fault in [the] accident" and had not formulated opinions regarding negligence or the propriety of Deveau's lane usage were improper, as the reasonable inference to be drawn was that Deveau was not cited for causing the accident. Thus, we conclude that the trial court indeed erred in overruling Rierson's objection.

As there is some legal authority that "testimony regarding whether a party is charged with a traffic violation does not constitute per se reversible error," we turn our analysis to whether the error is harmless.[3] Wainer v. Banquero, 713 So. 2d 1104, 1105 (Fla. 4th DCA 1998). Appellees, as "the beneficiary of the error [have] the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, [appellees, as] the beneficiar[ies] of the error must prove that there is *no reasonable possibility* that the error contributed to the verdict." Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1256 (Fla. 2014) (emphasis supplied).

Here, the issue of liability was vigorously disputed.[4] Rierson was rendered comatose and unable to communicate immediately following the accident, thus

_____

[3] See State v. DiGuilio, 491 So. 2d 1129, 1135 (1986), for a discussion comparing the per se reversible rule and the harmless error rule.
[4] We reject the argument that Rierson opened the door to Deveau's improper closing argument statements. See, e.g., Soto, 181 So. 3d at 1226 ("Arguing that a

7

Trooper Sanchez was the sole witness at the scene upon whom she could rely to advance her theory of the case. The argument to the jury that Trooper Sanchez did not find fault or any assignment of negligence, was not only untrue, but also improperly implied the imprimatur of a perceived objective authority on Deveau's conduct, effectively divesting the jury of the need to conduct an independent analysis of the dispositive preliminary issue.

The prejudice resulting from the improper closing statements was further compounded by the fact that the orders in limine prevented Rierson from addressing the depth of the Trooper's investigation or his opinion regarding fault. It is axiomatic that "it is improper for a lawyer, who has successfully excluded evidence, to seek an advantage before the jury because the evidence was not presented." State Farm Mut. Auto. Ins. Co. v. Thorne, 110 So. 3d 66, 74 (Fla. 2d DCA 2013) (quoting JVA Enters., I, LLC v. Prentice, 48 So. 3d 109, 115 (Fla. 4th DCA 2010)). As in Elsass, 662 So. 2d at 393, the argument was particularly grievous, as Deveau was indeed the one to whom the investigating officer issued a citation for the accident. See Iowa Nat'l Mut. Ins. Co. v. Worthy, 447 So. 2d 998, 1000 (Fla. 5th DCA 1984) ("An order in limine should only be used as a shield and never to gag the truth and permit other evidence to mislead the jury."); see also

defendant violated a provision of law that is relevant to the determination of negligence simply does not open the door to admitting a law enforcement officer's decision on whether to issue a citation for that violation.").

8

Carnival Corp. v. Pajares, 972 So. 2d 973, 975-76 (Fla. 3d DCA 2007) (holding that closing argument statements commenting on a witness's failure to offer testimony regarding information excluded by a motion in limine was improper because the statements implied the defendant "had no favorable testimony to provide" on the issue); Hernandez v. Home Depot U.S.A., Inc., 695 So. 2d 484, 485 (Fla. 3d DCA 1997) (granting a new trial where counsel, after succeeding in excluding evidence, raised in closing opposing counsel's failure to present the excluded evidence).

Under these circumstances, "[w]e cannot disregard the likelihood that [the] comments influenced jurors, however subtly, in their determination," that Deveau bore no responsibility for the accident and we conclude appellees have not demonstrated harmless error. White v. Consol. Freightways Corp. of Del., 766 So. 2d 1228, 1233 (Fla. 1st DCA 2000).

Thus, we conclude the trial court abused its discretion in denying the motion for new trial.[5] Accordingly, we reverse the trial court's denial of appellant's motion for new trial, and remand with directions to vacate the judgments entered in favor of the appellees and grant appellant a new trial on the issues of liability and damages.

---

[5] As we reverse on these grounds, it is unnecessary to address the allegations of juror misconduct arising out of the foreperson's concealment of her true identity and past litigation history. We assign no error to the remaining issues.

Reversed and remanded.