# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0088 & 3D23-1712
Lower Tribunal No. 11-978-P
_____

**Latrice Pla,**
Appellant,

vs.

**Ashley Rierson, et al.,**
Appellees.

Appeals from the Circuit Court for Monroe County, James M. Barton, II, and Luis Garcia, Judges.

Boyd Richards Parker Colonnelli, PL, and John H. Richards (Fort Lauderdale) and Yvette R. Lavelle, for appellant.

Seiden Law, and Henry A. Seiden (Boynton Beach), for appellee Ashley Rierson.

Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

BOKOR, J.

## ON MOTION FOR CLARIFICATION

We grant Appellant's motion for clarification, withdraw our previous opinion, and substitute the following in its stead.

In this consolidated appeal, Latrice Pla, one of two defendants in the auto-accident negligence case below, challenges orders denying her motions for directed verdict and new trial. Pla also challenges the final order taxing costs.[1] For the reasons explained below, we affirm on all counts. The new trial motion was predicated on the alleged breach of various exclusionary rulings and allegedly improper testimony.

## I. BACKGROUND

The accident giving rise to the underlying trial and subsequent appeal occurred on a three-lane stretch of the U.S. 1 Highway in Monroe County, Florida. Ashley Rierson, the plaintiff below, was walking across the road at approximately 8:20 PM on February 11, 2011, when she was struck by a vehicle driven by David Deveau and knocked into another traffic lane, where she was struck by a second vehicle driven by Pla. The issues at trial primarily involved apportionment of fault, including the extent to which Deveau and Pla could have seen Rierson beforehand and avoided the accident. The case originally proceeded to a jury trial which resulted in a verdict of no

---

[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

liability for both defendants. In March 2019, this court reversed and remanded for a new trial due to improper closing argument comments. See Rierson v. Deveau, 273 So. 3d 1041 (Fla. 3d DCA 2019).

Prior to the new trial, Pla brought a motion in limine to exclude certain evidence from her medical records at Mariners Hospital after the accident, including references to statements she made to doctors estimating that she was driving 50 to 60 mph at the time of the accident. In an exclusionary order, the court directed that the parties may not make "reference to the specific speed estimate of 55 mph contained in Latrice Pla's [Mariners] Hospital Records." In a separate order, the court also directed that one of Deveau's experts, Andres Navarro, would be prohibited from testifying about the Florida Driver's Handbook.

During trial, Rierson proffered several experts to testify about the drivers' abilities to see Rierson and avoid the accident. Rierson's accident reconstruction expert, Dr. Jennifer Yaek, testified that, based on Pla's estimation in her deposition testimony that she was driving 45-50 mph at the time of the accident (in a 45-mph zone) and had seen Rierson in the street 2-3 seconds before impact, Pla should have been able to steer out of the way before impact and avoid the accident. Dr. Yaek was also repeatedly questioned about the higher speed estimate of 50-60 mph from Pla's hospital

3

records without objection and accounted for both possible speed ranges in her conclusions. Subsequently, another of Rierson's experts, Dr. David Cades, testified about Pla's ability to see Rierson in the road prior to the accident, including the inconsistencies in Pla's speed estimation between her deposition testimony and her medical records from Mariners Hospital, but did not mention the precise speed of 55 mph. Pla then objected and moved for a mistrial, and the court overruled the objections. Dr. Cades went on to conclude that within a reasonable degree of scientific certainty, Pla should have been able to see Rierson and react before hitting her even under the faster speed range. At the close of Rierson's case, defense counsel moved for a directed verdict, arguing that Rierson failed to proffer evidence that could support a finding of negligence as to either motorist, and the court denied the motion.

After trial, the jury returned a verdict finding Deveau 65% liable, Pla 5% liable, and Rierson 30% comparatively negligent. Pla and Deveau moved to set aside the verdict or for a new trial, arguing that the verdict was against the manifest weight of the evidence because Rierson failed to establish that the accident was avoidable, or that Dr. Cades' testimony and opinion about the alternative speed ranges impermissibly tainted the trial. After a hearing, the court denied the motion. Pla appealed, challenging the denial of the

4

motions for directed verdict and new trial, and separately appealed the cost award.  We subsequently consolidated the two appeals.

## II.    ANALYSIS

A trial court's ruling on a motion for directed verdict or judgment notwithstanding the verdict is a matter of law reviewed de novo.  See, e.g., Philip Morris USA Inc. v. Allen, 116 So. 3d 467, 469 (Fla. 1st DCA 2013).  However, "[a] party moving for a directed verdict admits the truth of all facts in evidence and every reasonable conclusion or inference which can be drawn from such evidence favorable to the non-moving party."  Wald v. Grainger, 64 So. 3d 1201, 1205 (Fla. 2011).  To the extent we review the new trial order, a trial court's decision to grant or deny a new trial is reviewed for abuse of discretion, and "[t]rial court rulings on motions for new trial are given great deference on appeal."  Pena v. Vectour of Fla., Inc., 30 So. 3d 691, 692 (Fla. 1st DCA 2010); see also Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1271 (Fla. 2006); Rierson, 273 So. 3d at 1043 n.2 ("Florida courts have noted 'a stronger showing is required to reverse an order allowing a new trial than to reverse an order denying a motion for new trial.'" (citation omitted)).  Evidentiary rulings, including decisions to admit or exclude evidence, are also reviewed for abuse of discretion.  See, e.g., White v. State, 817 So. 2d 799, 806 (Fla. 2002).

5

## A. Motion for Directed Verdict

First, we affirm the denial of Pla's motions for directed verdict, as Rierson presented sufficient evidence for a reasonable jury to find Pla partially liable for the accident. "A motion for directed verdict or [judgment notwithstanding the verdict] should be granted only if *no view of the evidence* could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party." Coba v. Tricam Indus., Inc., 164 So. 3d 637, 646 (Fla. 2015) (quoting New Jerusalem Church of God, Inc. v. Sneads Cmty. Church, Inc., 147 So. 3d 25, 28 (Fla. 1st DCA 2013)).  To state a claim for negligence, the plaintiff must establish (1) the existence of a legal duty or obligation, (2) a breach of that duty, (3) proximate causation to the injury, and (4) actual loss or damage. See, e.g., Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).  In a negligence action not founded on an intentional tort, "contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery."  § 768.81(2), Fla. Stat.  "Causation is an essential element of negligence—a plaintiff is entitled to recover only for injury, loss, or damage caused by a defendant's negligence.  A defendant may rebut a plaintiff's evidence of causation by

6

showing the harm would have occurred regardless of the defendant's conduct." Lancheros v. Burke, 375 So. 3d 927, 929 (Fla. 6th DCA 2023) (citation omitted).

Pla alleges that Rierson failed to establish that the accident was avoidable, and thus that no reasonable jury could find that Pla was negligent or that any negligence on her part caused Rierson's injuries. We disagree.

> To survive a motion for directed verdict that is directed to a comparative negligence defense, the evidence does not need to be conclusive that a plaintiff's action or inaction caused the accident. It is enough that there is evidence from which the jury can make the inference. Additionally: Motions for directed verdict are rarely appropriate in negligence cases. Where there is evidence which supports an inference of comparative fault on the part of the plaintiff, the issue of comparative negligence should be submitted to the jury.

MasTec N. Am., Inc. v. Morakis, 288 So. 3d 685, 688 (Fla. 4th DCA 2019) (citations and quotation omitted). Here, two experts testified that, based on Pla's own testimony and within a reasonable degree of scientific probability, Pla could have seen Rierson in the street, reacted, and steered the vehicle out of the way prior to impact. To the extent Pla's driving speed is disputed, this uncertainty would not preclude a finding of liability, particularly given Dr. Cades' testimony that Rierson would have been visible under the streetlights regardless of how far away Pla was prior to impact. Moreover, neither expert provided any testimony to support Pla's contention that the accident was

7

unavoidable, and her own mother (who was in the car at the time of the accident) also testified that Pla reacted to seeing Rierson before impact, which would corroborate the initial 2-3 second estimation. Thus, particularly given that we review the evidence in the light most favorable to Rierson, we affirm the denial of directed verdict. See Pearce v. Deschesne, 932 So. 2d 640, 642 (Fla. 4th DCA 2006) ("When apportionment of fault between the plaintiff and a defendant under comparative negligence is a contested issue, it is the trier of fact that must do the apportioning, not the judge deciding a legal issue. . . . [O]nly in the rare case when there is simply no factual dispute as to apportionment of negligence, does the trial judge have the authority to make a ruling on the issue as a matter of law."); Petroleum Carrier Corp. v. Gates, 330 So. 2d 751, 752 (Fla. 1st DCA 1976) ("In the instant case, there is sufficient evidence from which the jury could have concluded that the sole proximate cause of the collision was the inattention of Mrs. Gates, or that the sole proximate cause of the collision was the failure on the part of Mr. Foster to have his vehicle under control, or that both drivers were negligent to some extent. Consequently, we remand the cause to the trial court so that the issue of liability might be submitted to a jury.").

**B. Motion for New Trial**

8

We also affirm the denial of the new trial order, as none of the alleged errors were harmful. As to this point, Pla primarily argues that the trial court unfairly allowed Rierson's counsel to impeach her by questioning her about the prior inconsistent statements regarding her speed from her deposition answers and interrogatories. Pla does not argue that the trial court erred by allowing the questioning, but contends that the court abused its discretion by subsequently sustaining several objections from Rierson's counsel when Pla's counsel attempted to rehabilitate her by questioning her about the 2-3 second time estimate from her deposition testimony. Pla claims that these rulings were harmful in conjunction with cumulative effect of other errors, including Dr. Cades' testimony referencing the 55-mph speed estimate in the Mariners Hospital Records and the Florida Drivers' Handbook in violation of the pretrial exclusionary orders.

"Any party, including the party calling the witness, may attack the credibility of a witness by: (1) Introducing statements of the witness which are inconsistent with the witness's present testimony." § 90.608, Fla. Stat. "The admission or rejection of impeaching testimony is within the sound discretion of the trial court." Winner v. Sharp, 43 So. 2d 634, 635 (Fla. 1949); see also Allstate Ins. Co. v. Hinchey, 701 So. 2d 1263, 1265 (Fla. 3d DCA 1997) ("A trial court abuses its discretion by granting a new trial based on

the violation of an order in limine, when the violation is invited and there is no objection or motion to strike the testimony."). Moreover, an error is harmless when there is no reasonable possibility that the error contributed to the verdict. See, e.g., Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1256 (Fla. 2014). Here, as Rierson notes, even if the court abused its discretion by sustaining the objections to the defense's questioning, this had no bearing on the verdict. Pla and other witnesses testified extensively about the inconsistencies between Pla's trial testimony and her deposition testimony, and the experts had already accounted for variations in Pla's possible speed in concluding that she should have been able to avoid the accident. Moreover, Pla's counsel invited the error by repeatedly failing to object when the other witnesses testified about the deposition transcripts. Similarly, no party objected to both Dr. Yaek and Dr. Cades relying on the purportedly inappropriate speed and time estimates in their expert reports.[2] Finally, we affirm the cost award without further discussion.

---

[2] Additionally, Dr. Cades' testimony didn't violate either of the relevant exclusionary rulings, as the only exclusionary order encompassing the Florida Drivers' Handbook did not explicitly apply to him (nor did he directly mention it in his testimony), and he did not actually reference the specific speed estimate of 55 mph from the Mariners Hospital records in his testimony (instead referring more generally to a 50-60 mph range, which Pla takes issue with apparently because this range averages out to the supposedly improper speed estimate of 55 mph from the hospital records).

Affirmed.